**Machel Ernest NASUBO, aka Machel Arnest Nasubo, Petitioner,**

**v.**

**Eric H. HOLDER, Jr., Attorney**

---

* This disposition is not appropriate for publication and is not precedent except as provided

General,* Respondent.

No. 07–74025.

United States Court of Appeals,
Ninth Circuit.

Argued Feb. 10, 2009.

Submission withdrawn Feb. 17, 2009.

Resubmitted June 18, 2009.

Filed June 22, 2009.

Edward G. Wong, Esquire, Law Offices of Edward Wong, San Diego, CA, for Petitioner.

Oil, Margaret Anne O'Donnell, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, D.C., CAS–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

by 9th Cir. R. 36–3.

* Eric H. Holder is substituted for his predecessor, Michael B. Mukasey, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

**594**

Before: KLEINFELD, BEA and IKUTA, Circuit Judges.

MEMORANDUM **

We deny Machel Ernest Nasubo's petition for review of the BIA decision dismissing his appeal and ordering him removed to Kenya.

▮ As applied to the facts of this case, 8 U.S.C. § 1227(a)(2)(E)(i) is not void for vagueness because the phrase "crime of . . . child neglect" is defined "with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983); *Rojas–Garcia v. Ashcroft*, 339 F.3d 814, 822–23 (9th Cir.2003).

▮ We lack jurisdiction to consider Nasubo's argument that he no longer has a "conviction" for child neglect within the meaning of 8 U.S.C. §§ 1101(a)(48)(A), 1227(a)(2)(E)(i), because Nasubo has not exhausted this claim. *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004). We cannot consider the state court order vacating Nasubo's conviction *nunc pro tunc* because it is not part of the administrative record, and we cannot expand the administrative record on appeal. 8 U.S.C. § 1252(a)(1), (b)(4); *see Fisher v. INS*, 79 F.3d 955, 963–64 (9th Cir.1996) (en banc) (holding that it would "not create a new administrative record on appeal by reviewing evidence that the Board did not consider"). Because the documents vacating Nasubo's conviction are new evidence, the proper recourse for introducing them is a motion to reopen so that the agency may consider Nasubo's request in the first instance. 8

C.F.R. § 1003.2(a), (c)(1); *see* 8 U.S.C. § 1229a(a)(3), (c)(7); *INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam); *see also Socop–Gonzalez v. INS*, 272 F.3d 1176, 1193 (9th Cir.2001) (en banc) (holding that motions to reopen are subject to equitable tolling).

**PETITION DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provid-

ed by 9th Cir. R. 36–3.